**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

HELEN A. FRANKLIN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.



**DECISION & ORDER**
17-CV-6894-JWF

### Preliminary Statement

Plaintiff Helen A. Franklin ("plaintiff" or "Franklin") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 9, 10. For the reasons that follow, plaintiff's motion (Docket # 9) is **denied** and the Commissioner's motion (Docket # 10) is **granted.**

### Background and Procedural History

Plaintiff filed her application for DIB on October 28, 2014, alleging disability beginning on September 3, 2013. Administrative Record ("AR") at 229. Plaintiff's application for DIB was denied on December 9, 2014 and plaintiff requested a hearing. AR at 83, 96. Plaintiff appeared at the video hearing before Administrative Law Judge Yvette Diamond ("the ALJ") with

1

her attorney, Stephen Ekblom, Esq., on September 29, 2016. AR at 13, 30. Plaintiff and a vocational expert testified at the hearing. AR at 30.

The ALJ issued an unfavorable decision on November 25, 2016. AR at 10. Plaintiff timely filed a request for review by the Appeals Council. See AR at 215. On November 2, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR at 1. Plaintiff then commenced this appeal.

## Discussion

ALJ's Duty to Develop the Record: Plaintiff argues that the ALJ "grossly mischaracterized the evidence of record and failed to obtain a full and complete record." See Docket # 9 at page 16. The ALJ is required to develop a claimant's complete medical history. Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.1512(d)-(f)). "If the ALJ is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed, the ALJ is obligated to request such missing information from the physician." Correale-Englehart v. Astrue, 687 F. Supp. 2d 396, 428 (S.D.N.Y. 2010) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996)). "Similarly, the ALJ has a duty to 'seek additional evidence or clarification from [the] medical source when a report from [that] medical source contains

2

conflict or ambiguity that must be resolved, [or] the report does not contain all the necessary information.'" Correale-Englehart, 687 F. Supp. 2d at 428 (quoting 20 C.F.R. § 404.1512(e)(1); citing Perez, 77 F.3d at 47; brackets in original).

Before reviewing whether the Commissioner's final decision is supported by substantial evidence under 42 U.S.C. § 405(g), "the court must first be satisfied that the ALJ provided plaintiff with 'a full hearing under the Secretary's regulations' and also fully and completely developed the administrative record." Scott v. Astrue, No. 09-CV-3999 (KAM), 2010 WL 2736879, at *12 (E.D.N.Y. July 9, 2010) (quoting Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982)).

The Court is satisfied that the ALJ met her obligations here. The ALJ found that Franklin had the following severe impairments: degenerative disc disease, osteoarthritis, asthma, obesity status post-bariatric surgery, depression, and anxiety. AR at 14. No impairment met or equaled a listed impairment and the ALJ determined that Franklin could perform light work, with certain limitations including lifting or carrying 20 pounds occasionally and ten pounds frequently, sitting/walking/standing for six hours out of an eight-hour day, and completing simple and some complex tasks with frequent contact with supervisors, coworkers, and the public. AR at 19.

In support of her RFC determination, the ALJ relied in part on plaintiff's "routine and conservative" history of mental health treatment and the "lack of more aggressive treatment" in the record. AR at 21. Plaintiff contends that she underwent far more treatment with treating mental health care provider Dr. Sarah Atkinson than the record reflected and accordingly that the ALJ was under an obligation to solicit additional records from Dr. Atkinson to fill in the "'obvious gap'". Docket # 9-1, at 18-21. Plaintiff's argument fails for two reasons: (1) the ALJ did undertake her obligation to develop the record and solicit additional records from Dr. Atkinson, and (2) the ALJ's analysis of plaintiff's mental health treatment was not the only supporting factor in the ALJ's RFC determination with respect to plaintiff's mental health.

First, "multiple record requests" were made at the initial level to obtain additional records from Dr. Atkinson. AR at 91. At the video hearing before the ALJ, plaintiff's attorney also stated that multiple record requests had been made, but the records still had not been received at the time of the hearing, save for a questionnaire. AR at 81. The ALJ held the record open for an additional two weeks post-hearing (id.) and again for three weeks after that (see AR at 13, 214), but no additional records were ever received. AR at 13. This met the "every reasonable effort" standard. See 20 C.F.R. §§ 404.1512(b) (stating that the Social

4

Security Administration agency must make "every reasonable effort" to obtain all medical evidence including an initial request for records and a follow-up request within ten to twenty days if records are not received). Further, the record already contained several medical records from Dr. Atkinson spanning a period from July 2014 to September 2016. AR at 303, 340-45, 346-53, 470-74. These records showed plaintiff's first date of treatment with Dr. Atkinson occurring on May 8, 2012 (AR at 470) and that plaintiff's mental health issues went as far back as the alleged onset of disability date. AR at 474. Only if the record were "inadequate" would the ALJ have been required to "develop the record further and recontact" Dr. Atkinson. Brogan-Dawley v. Astrue, 484 F. App'x 632, 634 (2d Cir. 2012).

Furthermore, "it is the ALJ's duty to develop the record and resolve any known ambiguities, and that duty is enhanced when the disability in question is a psychiatric impairment." Camilo v. Comm'r of the Soc. Sec. Admin., No. 11 CIV. 1345 DAB MHD, 2013 WL 5692435, at *22 (S.D.N.Y. Oct. 2, 2013). See Harris o/b/o/ N.L.K. v. Berryhill, 293 F. Supp. 3d 365, 369 (W.D.N.Y. 2018)(duty to develop the record is heightened when mental health issues are the crux of plaintiff's disability claim). However, there were no ambiguities in Dr. Atkinson's records that would have required the ALJ to obtain additional records. Dr. Atkinson's mental RFC questionnaire indicated plaintiff had none-to-mild limitations in

5

every category but ability to "perform at consistent pace without rest periods of unreasonable length or frequency" for which plaintiff had a moderate limitation. AR at 473. This was consistent with Dr. Atkinson's observations that claimant loved her job (AR at 340, 346, 347), had no suicidal ideations, generally had a "good" mood (AR at 353) and was doing "great" (AR at 352) during her visits with Dr. Atkinson.

Assuming arguendo that there were ambiguities in Dr. Atkinson's records, the ALJ made reasonable efforts to obtain them anyway. She also sought the opinion of consultative mental health examiner Yu-Ying Lin, Ph.D. AR at 333-37. These efforts satisfy the ALJ's duty to develop the record. See Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." (citing Perez, 77 F.3d at 48)); Weed Covey v. Colvin, 96 F. Supp. 3d 14, 29 (W.D.N.Y. 2015) ("Encompassed in this duty [to develop the record] is the requirement that an ALJ . . . obtain consultative examinations where the information received is inadequate to determine whether the claimant is disabled.").

Second, the ALJ's RFC determination was not based solely on her analysis of Dr. Atkinson's records. The ALJ also relied on other substantial evidence, including Dr. Atkinson's mental RFC

6

questionnaire (AR at 470-74) that was ostensibly based on the entirety of Dr. Atkinson's treatment of plaintiff; the treatment notes of plaintiff's primary health care providers; and plaintiff's own testimony about her ability to complete daily activities. AR at 20-22. In sum, I find that there were no "obvious gaps" in the record and the ALJ satisfied her duty to develop the record.

The Treating Physician Rule: Plaintiff claims that remand is required because the ALJ did not properly evaluate opinion evidence and give controlling weight to plaintiff's treating physician. The so called treating physician rule "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources.").

The ALJ did not erroneously assign only partial weight to the opinions of treating source Dr. Christina William or consultative examiner Yu-Ying Lin, Ph.D. with respect to claimant's mental health as plaintiff alleges. Dr. William was a treating physician, but the ALJ provided comprehensive reasons to support assigning her opinion only partial weight. The ALJ correctly noted that Dr. William was not a mental health specialist and her opinion was

7

both internally inconsistent and inconsistent with treating psychologist Dr. Atkinson's opinion. AR at 22-23. Moreover, as a consultative examiner, Dr. Lin's opinion was not due controlling weight. Coleman v. Comm'r of Soc. Sec., 335 F. Supp. 3d 389, 396 (W.D.N.Y. 2018) (citing Pagano v. Comm'r of Soc. Sec., No. 16-CV-6537-FPG, 2017 WL 4276653, at *5 (W.D.N.Y. Sept. 27, 2017)).

Plaintiff further alleges that the ALJ relied improperly on the opinion of state agency psychologist K. Lieber-Diaz, Ph.D., which found none of plaintiff's impairments were severe and that plaintiff had no problems completing daily functions, socializing, and engaging in hobbies. See AR at 88. Plaintiff argues that it is unclear whether the ALJ thought that Dr. Lieber-Diaz based her opinion of plaintiff's mental health issues on the "whole" record and that Dr. Lieber-Diaz's opinion therefore cannot constitute substantial evidence. See AR at 84-90.

But Dr. Lieber-Diaz was not a treating physician and the ALJ did not treat her opinion as such; she did not explicitly assign any weight to Dr. Lieber-Diaz's opinion. See AR at 18. Dr. Lieber-Diaz's opinion was considered as one of many pieces of evidence supporting the ALJ's RFC determination. The ALJ explained that Dr. Lieber-Diaz's opinion was based on a "thorough review of the available medical record." AR at 18. She does not appear to be confused about what records informed Dr. Lieber-Diaz's opinion. As a non-treating, non-consultative examiner, the ALJ was free to

use Dr. Lieber-Diaz's so long as that opinion was "consistent with the record as a whole." Smith v. Colvin, 17 F. Supp. 3d 260, 268-69 (W.D.N.Y. 2014) (quoting Barringer v. Comm'r of Soc. Sec., 358 F. Supp. 2d 67, 79 (N.D.N.Y. 2005)). The ALJ did find Dr. Lieber-Diaz's opinion to be consistent with the medical evidence in the record, but even so found plaintiff's anxiety and depression to be severe where Dr. Lieber-Diaz did not. The ALJ did not rely improperly on Dr. Lieber-Diaz's opinion or misinterpret it.

Clarity of the ALJ's RFC Determination: Finally, plaintiff argues that the ALJ's failure to specifically delineate in her opinion what she meant when she determined plaintiff could complete "some" complex tasks was error. Assuming it was error, it was harmless error. The ALJ determined that plaintiff could do her past relevant skilled work as a financial customer service representative and technical support specialist (AR at 23) but also that plaintiff could complete "some complex tasks". AR at 19.

Plaintiff takes issue with the ALJ's failure to define what is meant by "some". However, the ALJ clarified during the hearing that "some" meant "frequent". AR at 79. Thus, the vocational expert's ("VE") testimony that plaintiff would be able to perform her past relevant work was based on this definition. AR at 80. Where, as here, the ALJ includes the limitations posed to the vocational expert in her written RFC determination, any error in

9

excluding more specific language about the plaintiff's abilities is harmless. Gandino v. Comm'r of Soc. Sec., 5:17-CV-0042(WBC), 2018 WL 1033287, at *6 (N.D.N.Y. Feb. 22, 2018) ("[A]lthough the ALJ's written RFC determination did not specifically limit Plaintiff to 'simple, routine, repetitive tasks,' the ALJ included such limitations to the VE at the hearing and clearly the VE took those limitation[s] into consideration in providing occupations that exist in the national economy Plaintiff could perform."); see Marulo v. Colvin, No. 12-CV-871(MAT), 2014 WL 5465458, at *8 (W.D.N.Y. Oct. 28, 2014) (holding that ALJ's error in misstating hypothetical was harmless where it was clear what hypothetical elements vocational expert's testimony was based on). I find the ALJ's RFC determination to be sufficiently clear as to not require remand.

## Conclusion

It is not for this Court to decide the ultimate question of whether plaintiff is disabled under the Act. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002); see Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder.") (citation omitted). Based on the

foregoing, plaintiff's motion for judgment on the pleadings (Docket # 9) is **denied** and the Commissioner's motion for judgment on the pleadings (Docket # 10) is **granted**. The Clerk is directed to enter judgment and close this case.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 15, 2019
         Rochester, New York